**NOT FOR PUBLICATION**                                                                 **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD CAREY | Civil Case No. 10-2155 (FSH) (PS) |
| Plaintiff, | **OPINION & ORDER** |
| v. | October 4, 2011 |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon defendant's motion for summary judgment. Plaintiff contends that he was discriminated against on the basis of his race and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

**I.      BACKGROUND**

Plaintiff is a Caucasian male who was employed as a part-time courier by Federal Express Corporation ("FedEx") until his termination on January 8, 2009. Plaintiff was 53 years old at the time of his termination. While he was working at FedEx, plaintiff had access to a discounted shipping account which he could use to ship personal items. FedEx policies established that the reduced rate shipping account could not be used "for any business (profit or nonprofit) or commercial enterprise" and that "[i]mproper use or abuse of employee discount shipping privileges . . . is considered a policy violation and subjects the employee to discipline,

up to and including termination." Defendant's Statement of Undisputed Material Facts, Docket # 22-2, ¶ 5.

During his employment at FedEx, plaintiff used his discounted shipping account to ship promotional documents for a window cleaning business, VIP Special Services. A total of 382 packages relating to the window cleaning business were shipped using plaintiff's discounted account. Plaintiff admits that he shipped some packages relating to the window cleaning business, but contends that the majority of the 382 shipments were made without his knowledge or consent. Plaintiff contends that an individual associated with the window cleaning business changed the billing information for plaintiff's account, with the result that plaintiff did not receive bills for the majority of the packages and was unaware that they were shipped.

When it became aware of the extensive use of plaintiff's discounted shipping account, FedEx conducted an investigation during which plaintiff admitted to using his discounted account to ship packages for the window cleaning business on several occasions. Plaintiff was subsequently terminated and appealed his termination through a three level internal appeal program for disciplinary actions. Plaintiff's termination was upheld by FedEx at each level of the appeal. The records of the appeal indicate that FedEx management was skeptical of plaintiff's claim that he was unaware of the extent of the use of his discounted account. Plaintiff contends that while employed at FedEx he was a model employee, that he was terminated on the basis of his age and race, and that defendant's claim that it terminated him based on his violation of the discounted shipping policy is pretextual.

## II.   STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988).  All facts and inferences must be construed in the light most favorable to the non-moving party.  *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994).  The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  *See Anderson*, 477 U.S. at 249.  "Consequently, the court must ask whether, on the summary judgment record, reasonable jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 860 (3d Cir. 1990).

The party seeking summary judgment always bears the initial burden of production. *Celotex Corp.*, 477 U.S. at 323.  This burden requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden.  *Id.* at 322-23.  Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party.

To avoid summary judgment, the nonmoving party must then demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of a "genuine issue of material fact" justifying trial.  *Miller*, 843 F.2d at 143; *accord Celotex Corp.*, 477 U.S. at 324.  The nonmoving party "must do more than simply show that there is some

3

metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. at 587 (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Further, summary judgment may be granted if the nonmoving party's "evidence is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50.

## III.   DISCUSSION

Plaintiff does not claim to have direct evidence of discrimination. Accordingly, a burden shifting analysis applies to plaintiff's claims. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Raytheon Co. v. Hernandez*, 540 U.S. 44, 50 n.3 (2003). Under the burden shifting method, the plaintiff must first establish a prima facie case of discrimination. If the plaintiff does so, the burden then shifts to the defendant to offer a nondiscriminatory reason for the adverse employment decision. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142 (2000). If the defendant meets this burden, the burden shifts back to the plaintiff to produce evidence showing that the defendant's stated nondiscriminatory reason is pretextual. *Id*. at 142-143.

### A.   Prima Facie Evidence

#### 1.   The ADEA

To establish a colorable ADEA claim, a plaintiff must "demonstrate a prima facie case of discrimination by showing first, that the plaintiff is forty years of age or older; second, that the defendant took an adverse employment action against the plaintiff; third, that the plaintiff was qualified for the position in question; and fourth, that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009). It is undisputed that

plaintiff has satisfied the first three elements. Plaintiff was 53 at the time of his termination, was terminated, and was qualified for his position at the time of his termination.

Plaintiff, who is proceeding *pro se*, in his briefing "submits that he was in fact replaced by significantly younger employees" and that his route was taken over by two employees who are approximately 30 years of age and who are paid significantly less than plaintiff was at the time of his termination. Plaintiff's Opposition, Docket # 29, at 9. Defendant responds that "[t]here is absolutely no evidence in the record to provide support for such an assertion." Defendant's Reply, Docket # 31, at 3. Although plaintiff purports to identify in his brief the two employees who took over his delivery route, he points to no record evidence regarding these employees. Plaintiff did not submit a responsive statement of material facts pursuant to Local Civil Rule 56.1 and did not submit an affidavit or declaration in support of his opposition. Plaintiff has provided no citations to affidavits or other documents submitted in connection with the motion for many of the factual assertions made in his opposition. Plaintiff did submit a variety of documents as exhibits to his opposition. However, the documents submitted by plaintiff are not in the record, are not authenticated, and none of the documents relate to the employees that plaintiff contends assumed responsibility for his route. Accordingly, plaintiff has failed to demonstrate a prima facie case of discrimination based on his age.

    **2.**     **Title VII**

To make out a prima facie Title VII claim, plaintiff must present "sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated plaintiff 'less favorably than others because of [his] race, color, religion, sex, or national origin." *Iadimarco v. Runyon*, 190 F.3d 151, 163 (3d Cir. 1999) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). In support of its motion, defendant

5

submitted a spreadsheet which purportedly lists the 18 employees involuntarily terminated for impermissible conduct within the last five years at the station where plaintiff was based. Declaration of Bridge Zaborski ("Zaborski Decl."), Docket # 22-4, Ex. E.  Defendant contends that of these 18 employees, 9 were Caucasian and 11 were younger than 40.

Plaintiff responds by arguing that three of the listed minority employees should be considered to have left voluntarily and by arguing that two additional Caucasian employees should have been included in the spreadsheet.  Plaintiff provides no record support for his assertion that two additional Caucasian employees should be included in the list of involuntarily terminated employees, and does not indicate whether he believes those employees were terminated for engaging in impermissible conduct.[1]  However, the difference is not ultimately material with respect to plaintiff's theory that FedEx treated him less favorably because he is Caucasian, because even if plaintiff's assertions are correct, the record would still reflect that more than 35 % (6 of 17) of the employees involuntarily terminated for impermissible conduct in the last five years at plaintiff's station were minority employees.  Plaintiff next argues, again without citation to record evidence, that non-Caucasian employees generally receive more favorable discipline and treatment at plaintiff's former station.  Plaintiff states that he intends to call current and former FedEx employees to testify as to this treatment disparity.[2]

---

[1] In support of his assertion, plaintiff provides two unauthenticated spreadsheets that are not in the record, one of which does not list the additional employees and one of which contains handwritten notes suggesting that two additional Caucasian males should be included on defendant's spreadsheet. *Compare* Plaintiff's Exs. G, H, Docket # 29-1 *with* Zaborski Decl., Ex. E.

[2] Plaintiff also argues that he in the past applied for a number of job changes, which were denied by FedEx, and that nearly every job plaintiff applied for "was given to a younger minority even though in many cases [plaintiff] was more qualified and in some cases ranked as the number one candidate for the position."  Plaintiff's Opposition, Docket # 29, at 11.  However, plaintiff has not asserted any claims for failure to hire or failure to promote and the documents he contends document his prior job applications are unauthenticated.

Plaintiff has identified no evidence other than his own unsupported conclusions suggesting that non-Caucasian FedEx employees receive more favorable treatment and discipline. Even if plaintiff had supported his assertions with citations to affidavits or other documents, he has at most pointed to evidence suggesting that roughly 11 of 17 employees involuntarily terminated at plaintiff's former station in the last five years were Caucasian and has conceded that he violated FedEx policy regarding his shipping account. Accordingly, plaintiff has failed to present sufficient evidence to allow a reasonable fact finder to conclude that FedEx treated him less favorably than others because he is Caucasian and has failed to establish a prima facie case that he was discriminated against on the basis of his race.

### B. Defendant's Stated Reason for Terminating Plaintiff

Even if plaintiff had established a prima facie case, defendant has articulated a legitimate, nondiscriminatory reason for plaintiff's termination – his violation of the terms and conditions of use of his discounted shipping account. Where a plaintiff has established a prima facie case, the burden of production shifts to the defendant to introduce evidence "which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). It is undisputed that 382 packages were improperly shipped using plaintiff's discounted shipping account. Accordingly, defendant has satisfied its burden of producing evidence that would permit the conclusion that there was a nondiscriminatory reason for plaintiff's termination.

Where an employer has articulated a legitimate nondiscriminatory reason, the burden shifts back to the plaintiff, who must show "by a preponderance of the evidence that the employer's explanation is pretextual." *Id.* To do so, plaintiff must either: (1) discredit defendant's proffered reason, either circumstantially or directly, or (2) adduce evidence, whether

7

circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. *Id*. at 764. To avoid summary judgment, plaintiff's evidence "must allow a factfinder reasonably to infer that *each* of the employer's proffered nondiscriminatory reasons was either a *post hoc* fabrication or otherwise did not actually motivate the employment action." *Id*. (citations omitted).

Plaintiff does not dispute that he violated FedEx policy with respect to his discounted shipping account, or that the policy in question provides for discipline up to and including termination. Instead, he argues that he was unaware of the extent of the violation and should not have been terminated for the violation in light of his years of service. The records of plaintiff's internal appeals establish that FedEx considered and rejected this argument, after concluding that plaintiff was responsible for ensuring that ineligible shipments were not sent at a discount using his account, and after questioning whether plaintiff was in fact unaware of the majority of the shipments. Zaborski Decl., Ex. C, at 2-6.

Plaintiff also argues that at least one minority FedEx employee committed a similar violation of the reduced rate shipping policy, for which she was suspended, but not terminated.[3]

---

[3] Plaintiff contends that during his internal appeal of his termination, FedEx failed to adequately consider the situation of this employee because plaintiff did not have the opportunity to present information regarding the employee to FedEx's Human Resources department. The records of plaintiff's internal appeal reflect that during the appeal process, plaintiff presented the information he wished to have considered to a FedEx managing director who investigated plaintiff's claim, considered the information provided by plaintiff, and concluded that the situation of the other employee was not comparable. Zaborski Decl., Ex. C, at 5. Accordingly, plaintiff has failed to identify evidence from which a reasonable fact finder could conclude that plaintiff's claim of pretext is plausible based on plaintiff's challenge to the adequacy of the information considered during the FedEx internal appeal process. *See Billet v. CIGNA Corp.*, 940 F.2d 812, 828 (3d Cir. 1991) (stating that "[a] plaintiff has the burden of casting doubt on an employer's articulated reasons for an employment decision. Without some evidence to cast this doubt, this court will not interfere in an otherwise valid management decision.").

The record of plaintiff's internal appeal indicates that the minority employee identified by plaintiff shipped packages on behalf of the pastor of her church, not for a business venture, and that FedEx considered her situation "completely different" from plaintiff's case, because she "thought she was helping her church" by shipping the packages. Zaborski Decl., Ex. C, at 5. Accordingly, plaintiff has failed to identify evidence from which a reasonable fact finder could conclude that FedEx treated comparably situated employees more favorably than plaintiff. *See Neely v. United States Postal Service*, 307 Fed. Appx. 681, 684 (3d Cir. Jan. 23, 2009) (citing *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994) (stating that, in order to show that comparators are "similarly situated," all relevant aspects of employment need to be nearly identical).[4]

It is undisputed that plaintiff violated FedEx policy with respect to his discounted shipping account and that nearly 400 packages were improperly shipped using plaintiff's account. Plaintiff has failed to identify any comparably situated employees who were treated more favorably in a similar context. Plaintiff has also failed to identify any evidence suggesting that FedEx was motivated to terminate plaintiff for any reason other than the abuse of plaintiff's discounted shipping account. Accordingly, Plaintiff has failed to identify evidence sufficient to allow a reasonable fact finder to infer that defendant's stated reason for terminating plaintiff, the

---

[4] Plaintiff also "submits that he has recently obtained information" regarding a Hispanic FedEx employee who violated FedEx's reduced rate shipping policy and regarding another employee who was interviewed regarding a possible violation of that policy and that he has requested additional discovery regarding these employees. However, the discovery period in this action, which was extended upon the request of the parties to allow plaintiff to conduct additional discovery, closed well before defendant's motion for summary judgment was filed. *See* Joint Motion for Extension of Deadlines, Docket # 20; Second Amended Scheduling Order, Docket # 21. Plaintiff has provided no information regarding the violations he contends these employees committed or regarding defendant's response and a request by plaintiff to re-open fact discovery was denied by the Honorable Patty Shwartz on September 1, 2011. *See* Order on Informal Application, Docket # 34. Plaintiff has not appealed Judge Shwartz's ruling. Thus, discovery remains closed and the facts regarding the situation of these other employees are not in the record.

abuse of plaintiff's discounted shipping account, was either a *post hoc* fabrication or otherwise did not actually motivate defendant to terminate plaintiff.  *See Fuentes*, 32 F.3d at 764-767; *Billet*, 940 F.2d at 828-829.

## IV.     ORDER

For the foregoing reasons, it is **ORDERED** that defendant's motion for summary judgment is granted.  The Clerk of the Court is directed to close this case.

>  /s/ Faith S. Hochberg_____
>  Hon. Faith S. Hochberg, U.S.D.J.